UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADVANCE MAGAZINE PUBLISHERS INC.,**

   **Plaintiff,**

v.            Case No: 6:17-cv-1301-Orl-41GJK

**POOJA ENTERPRISES, LLC,**

   **Defendant.**
_____/

**ORDER AND PERMANENT INJUNCTION**

  THIS CAUSE is before the Court on the Joint Motion for Consent Final Judgment and Permanent Injunction (Doc. 16) and the proposed Consent Final Judgment and Permanent Injunction (Doc. 17).

  Plaintiff Advance Magazine Publishers Inc. d/b/a Conde Nast has continuously used in commerce the marks GQ and GQ STYLE and the following stylized marks:





(collectively "GQ Marks") in the United States in connection with its magazine GQ and other goods and services for more than sixty years. The magazine as well as its corresponding website covers the subject matter of fashion, entertaining, food, beverages, travel, and culture. In its magazine, on its website, and through its sponsored events throughout the United States, Plaintiff promotes the goods and services of others using its GQ Marks. In addition to the magazine and the website, Plaintiff has expanded its use of the GQ Marks to other goods and services, including

collaborating with apparel brands and fashion designers to release a line of GQ-approved men's clothing.

In addition to the common law rights in its GQ Marks, Plaintiff owns a number of federal trademark registrations for its GQ Marks in connection with its goods and services, including Registration Nos. 1298799, 3436617, 4642438, 2956663, I 833829, 2695465, 5007105, and 5196535 (the "Registered Marks"). Defendant acknowledges the validity of the Registered Marks and Plaintiff's ownership of the Registered Marks.

Since its first use of the marks, Plaintiff has spent significant resources advertising, developing, and promoting the GQ Marks. The GQ Marks have become synonymous with the upscale lifestyle products, apparel, clothing, and services that are contained within the editorial pages and advertisements published in its magazine, on its website, and promoted through events, contests, licensed merchandise, and gatherings. As a result, consumers throughout the United States (including consumers in the state of Florida) instantly associate men's clothing, fashion, apparel, and accessories with Plaintiff's distinctive and famous GQ Marks. The GQ Marks are famous in Florida and throughout the United States, and consumers have come to associate the GQ Marks uniquely with Plaintiff and its goods and services.

Defendant operates a brick and mortar retail clothing store, "GQ Menswear," in Orlando, Florida where it sells a wide variety of apparel, shoes, and accessories. Defendant uses "GQ Menswear" in connection with its retail store services. Further, Defendant uses "GQ Menswear" in connection with the marketing and advertising of its retail store services via the Internet and print. Defendant's services rendered under the term "GQ Menswear" are overlapping and/or closely related to Plaintiff's goods and services rendered under its GQ Marks. Defendant's use of "GQ Menswear" in connection with its store and services may dilute the distinctive quality of the GQ Marks and may injure the business reputation of Plaintiff

Accordingly, it is **ORDERED** and **ADJUDGED** that the Joint Motion for Consent Final Judgment and Permanent Injunction (Doc. 16) is **GRANTED**. The Clerk shall enter judgment in favor of Plaintiff and against Defendant. Thereafter, the Clerk shall close this case.

It is further **ORDERED** as follows:

1. Defendant and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them are required to immediately cease any use and are permanently enjoined from using the GQ Marks, or any other mark that is similar in appearance to the GQ Marks as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the United States.
2. The Court retains jurisdiction to enforce the final judgment and this permanent injunction.
3. All rights to appeal the final judgment and permanent injunction in this case have been expressly waived by the parties.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record